# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2020

Lyle W. Cayce
Clerk

No. 19-60524

DANIEL LEIVA,

Petitioner

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT
OF LABOR,

Respondent

On Petition for Review of the Administrative Review Board
of the United States Department of Labor
Agency No. 18-0051

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Petitioner Daniel Leiva was a locomotive engineer for Union Pacific Railroad Company. In July 2012, Leiva had an altercation with a train conductor, after which he reported to management that the conductor had threatened and physically intimidated him. Union Pacific suspended both Leiva and the conductor and charged them with violating workplace policy.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60524

Leiva then filed a complaint with the Occupational Safety and Health Administration ("OSHA"), alleging that he was suspended in retaliation for formally reporting the incident. An Administrative Law Judge ("ALJ") concluded that Union Pacific had violated the Federal Railroad Safety Act ("FRSA"). The Administrative Review Board ("ARB") affirmed the ALJ's decision and remanded for consideration of punitive damages.

In July 2015, the parties settled Leiva's claim. Among other things, the settlement required Union Pacific to expunge all references to the July 2012 incident from its records. Union Pacific also agreed that it would not rely on the July 2012 incident in any future disciplinary or employment decisions. The ALJ approved the settlement agreement and thus dismissed Leiva's complaint.

In the meantime, Union Pacific terminated Leiva in 2014 for committing two safety violations, including running a train through a stop signal. Leiva's union appealed his termination to another administrative body. As part of that proceeding, in August 2016, a Union Pacific employee pulled Leiva's disciplinary history from Union Pacific's records and included it in a submission to the administrative body. Despite the parties' settlement agreement, Leiva's July 2012 incident appeared in the submission as one of the fifteen violations in Leiva's disciplinary record. Over a year later, the administrative body affirmed Leiva's termination.

Leiva filed another FRSA complaint, alleging that Union Pacific had violated the FRSA by failing to expunge the July 2012 incident from its records and by informing another administrative body of the incident. An ALJ concluded that Union Pacific's failure to expunge the incident was a continuation of Union Pacific's retaliation against Leiva and thus held in his favor. But the ARB vacated the ALJ's decision, holding that Union Pacific's failure to expunge the information did not constitute a "new case" under the FRSA. At most, the ARB concluded, Union Pacific's failure to expunge violated

2

No. 19-60524

the parties' settlement agreement, which was to be enforced in federal district court.  Leiva petitioned us for review.

We will sustain the ARB's decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  We review the ARB's legal conclusions de novo and its factual conclusions under a "substantial evidence standard," meaning we will defer to them if, considering the whole record, "a reasonable person could have reached the same conclusion[s] as the ARB."  *Allen v. ARB,* 514 F.3d 468, 476 (5th Cir. 2008).

To succeed on an FRSA claim, the plaintiff must establish that (1) he "engaged in protected activity," (2) the employer knew that he did so, (3) he "suffered an unfavorable personnel action," and (4) his protected activity was a contributing factor in the unfavorable action.  *Id.* at 475–76.

"A contributing factor is 'any factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision.'"  *Id.* at 476 n.3 (quoting *Klopfenstein v. PCC Flow Techs. Holdings, Inc.*, ARB Case No. 04–149, 2006 WL 3246904, at *13 (ARB May 31, 2006)).  We require plaintiffs to satisfy this prong by a preponderance of the evidence.  *Id.* at 475 n.1.

In arguing that his July 2012 activity was a contributing factor in the events of August 2016, Leiva relies on a "cat's paw" theory of causation.  To succeed under a cat's paw theory, "a plaintiff must establish that the person with a retaliatory motive somehow influenced the decisionmaker to take the retaliatory action.  Put another way, a plaintiff must show that the person with retaliatory animus used the decisionmaker to bring about the intended retaliatory action."  *Zamora v. City Of Houston*, 798 F.3d 326, 331 (5th Cir. 2015); *see also Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011).

Leiva argues that Jennifer Powell, Union Pacific's director of labor relations, submitted the July 2012 incident to the administrative body in 2016

3

"because in 2012, those with the requisite knowledge of Mr. Leiva's 2012 protected activity (culpable state of mind) unlawfully put the false allegation in Mr. Leiva's personnel file." But Leiva's argument stretches the cat's paw theory too far. Leiva has not pointed to evidence that anyone "with retaliatory animus used [Powell] to bring about [an] intended retaliatory action." *Zamora*, 798 F.3d at 331. Indeed, Leiva has identified no evidence that anyone associated with the July 2012 incident or subsequent settlement was at all involved in the events of August 2016. We reject the argument that the initial inclusion of the July 2012 incident in Leiva's file somehow influenced Powell to submit the entire file—which included the July 2012 incident along with several others—to the administrative body over four years later. Leiva has not shown by a preponderance of the evidence that his July 2012 protected activity was a "contributing factor" in Powell's decision to submit his file to the administrative body in 2016.

The petition is DENIED.